In the Matter of Bernardo J.
CASTILLO, Debtor.

**INDEPENDENT BANK OF
FLORIDA, Plaintiff,**

v.

**Bernardo J. CASTILLO, Defendant.**

Bankruptcy No. 82–1861.
Adv. No. 82–794.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 29, 1983.

Richard A. Bianco, Tampa, Fla., for plaintiff.

Raymond C. Farfante, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the immediate matter under consideration is the dischargeability, vel non, of a debt in the amount of $6,756.13 admittedly due and owing by Bernardo J. Castillo, (the Debtor), to Independent Bank of Florida (Bank), the Plaintiff in the above-styled adversary proceeding. The proceeding was commenced by a Complaint to Determine Dischargeability of Debt in which the Bank seeks the entry of an order declaring the debt in the amount of $6,756.13 to be non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(B).

The Court heard testimony of witnesses, considered the record and now finds and concludes as follows:

The Debtor, a native of Cuba, is a resident alien whose understanding of the English language is extremely limited. At the time pertinent to the matter under consideration, the Debtor operated a meat market known as "Garcia Meat Market" in Tampa, Florida.

On November 30, 1981, the Debtor contacted Mr. B.J. Lombardia, the Executive Vice President of the Bank for the purpose of obtaining a loan in the approximate amount of $10,000. In support of his loan application, the Debtor submitted a financial statement prepared at the Debtor's direction by an individual fluent in both Eng-

lish and Spanish. The financial statement made no reference to either an outstanding SBA loan or a loan secured by a mortgage on the Debtor's residence held by Stockton, Whatley, Davin and Company. It is without dispute that the Bank refused to grant the loan, first, because the Debtor's financial statement was found not to be sufficiently strong to support the loan requested and second because the Debtor did not maintain an account with the Bank.

It appears that after the Bank refused to grant the loan in November, 1981, the Debtor opened an account with the Bank and on January 21, 1982, renewed his loan application and sought to borrow, at this time, $2,000. The Bank did not request a new financial statement, but asked the Debtor for verbal assurance that no changes had occurred in his financial condition and the Debtor gave such an assurance. The Bank approved the loan in the amount of $2,000.

On February 23, 1982, the Bank granted another loan to the Debtor by issuing a Letter of Credit in the amount of $1,200 in favor of the electric company. On April 19, 1982, the Debtor applied for an additional loan, which the Bank granted in the amount of $5,000. On May 28, 1982, the Bank again loaned the Debtor an additional $2,184.01. It is without dispute that with the exception of the financial statement submitted by the Debtor in connection with the original request, no other financial statements were requested by the Bank and none were submitted by the Debtor in connection with the several additional loans granted by the Bank after the initial loan.

It is the Bank's position that although the Bank did not request a new financial statement, the Bank did seek verbal assurances from the Debtor that the original financial statement required neither additions nor deletions in order to present an accurate, up-to-date financial profile. The Bank further contends that had the liabilities to Stockton, Whatley, Davin and Company and the SBA loan been disclosed to the Bank, none of the loans would have been approved, and that in extending the credit to the Debtor, the Bank reasonably relied on the Debtor's personal financial statement.

In defense of the claim of misrepresentation, the Debtor contends that he told the individual who prepared the financial statement of the obligations to the SBA and Stockton, Whatley, Davin and Company, and that the information was omitted from the statement due to lack of space on the form provided by the Bank.

The claim of non-dischargeability of the Bank is based on § 523(a)(2)(B) which in pertinent part provides as follows:

§ 523. Exceptions to Discharge

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal or refinance of credit, by—

(B) use of a statement in writing

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

There is no doubt that the financial statement submitted to the Bank in connection with the November 30, 1981 loan application was incomplete due to the omission of the obligations owed by the Debtor to the SBA and Stockton, Whatley, and Davin Company. However, in order to except a debt from general discharge pursuant to § 523(a)(2)(B), it is incumbent on the creditor to establish the existence of all four elements indispensable to establish the claim of non-dischargeability under this Section. *Murphy & Robinson Investment Corp. v. Cross (In re Cross)*, 666 F.2d 873, 5 CBC 1549, 1556 (5th Cir.1982); *Danns v. Household Financial Corp. (In re Danns)*, 558 F.2d 114, 116 (2nd Cir.1977); *(In re Cross), supra.* Thus, in addition to the proof that the financial statement was materially false, it is the burden of the Plain-

tiff to establish by convincing proof that it was published by the Debtor with the intent to deceive and the creditor to whom the debtor is liable reasonably relied on the financial statement.

The primary purpose of the bankruptcy law is to relieve the debtor from the burden of indebtedness. *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). Accordingly, courts have always construed exceptions to discharge narrowly against the creditor and in favor of the Debtor, *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915).

Applying the foregoing legal principles to the facts as they appear from this record, this Court is satisfied that the Bank has failed to meet its burden of establishing either that the Debtor submitted the financial statement with the intent to deceive or that the Bank reasonably relied on the same. There is no doubt that the financial statement was completed by a third party because of the Debtor's difficulty with the English language. Further, the Debtor advised the third party of the outstanding obligations but they were omitted due to the lack of space. There is no evidence to support a finding that the Debtor intended to conceal the obligations, but rather, only that he relied upon the judgment of a non-attorney interpreter who decided due to space restrictions to exclude the information. It also appears that the Debtor was asked by the Bank at the time of the subsequent credit applications whether his financial status had changed since the submission of the original statement. The Debtor replied that it had not, which was, in fact, a true statement. On the basis of these facts, the Court is constrained to conclude that the Debtor did not intend to deceive the Bank.

Moreover, the Bank also failed to establish that it did reasonably rely on the Debtor's financial statement. In light of the foregoing, the Court is of the opinion that the debt in the amount of $6,756.13 owed by the Debtor to the Bank is dischargeable.

A separate final judgment will be entered in accordance with the foregoing.